UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
- - - - - - - - - - - - - - - - -
                                  :
UNITED STATES OF AMERICA          :
                                  :
     vs.                          :     CR No. 05-137-S
                                  :     CR No. 06-025-S
ALEJANDRO R. PUJOLS-TINEO         :
                                  :
- - - - - - - - - - - - - - - - -
```

ORDER

WILLIAM E. SMITH, United States District Judge.

Before this Court is Alejandro R. Pujols-Tineo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CR No. 05-137, EFC #174). In his Motion, Pujols-Tineo asserts claims of ineffective assistance of counsel and a claim challenging the jurisdiction of this Court over his offenses. The Government has objected to the Motion on a single basis: that the motion was untimely filed. The Objection does not address Pujols-Tineo's substantive § 2255 claims. Pujols-Tineo has filed a Reply[1] responding to the timeliness issue, and this Order focuses on that issue.

---

[1] See "'Traverse'/Response to the Government's 'Objection' to Motion under 28 U.S.C. § 2255" (CR No. 05-137, EFC #183 ("Reply").)

Pujols-Tineo pled guilty to two drug offenses[2] and was sentenced to 216 months imprisonment. His conviction and sentence were affirmed on appeal on October 30, 2007. He did not seek further review, and his conviction became final 90 days thereafter, on January 28, 2008. Accordingly, Pujols-Tineo's deadline for filing a motion under § 2255 was January 28, 2009. 28 U.S.C. § 2255(f). See Clay v United States, 537 U.S. 522, 532 (2003) (§ 2255's one-year limitation period starts to run when the time for filing a petition for certiorari with the Supreme Court expires).

The instant Motion to Vacate was signed and dated by Pujols-Tineo on September 18, 2008. From a review of the papers, it appears that the motion was placed into the prison mail system on September 19, 2008, and was addressed to "United States Dist. Court Clerk" at 50 Kennedy Plaza, Providence, RI -- the street address of the Office of United States Attorney rather than this Court. (See copy of Certified Mail Receipt, Ex. 1 to Reply.) Two separate Certified Mail slips to be returned to Pujols-Tineo were each

---

[2] The offenses were: (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; and (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Pujols-Tineo also pled guilty to a separate charge of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and was sentenced to 216 months in prison, to run concurrently with his drug offense sentence. (See CR No. 06-025-S.) All plea and sentencing proceedings were conducted before Judge Ernest C. Torres of this Court, and sometime after the convictions were affirmed, this case was re-assigned to the undersigned. Further discussion of these proceedings is not necessary in this Order.

addressed to: Adi Goldstein, AUSA, 50 Kennedy Plaza, Providence, RI 02903.  (Id.)  One of the slips was signed by "Paulette E. Gamache" and is stamped with September 26, 2008, as the date of receipt. The other slip was signed by "K. Lancaster"; the date of delivery on that slip cannot be seen completely on the copy provided.  The docket of this Court shows that Pujols-Tineo's Motion to Vacate was filed in this Court almost six months later on March 18, 2009 – approximately one and one half months after the expiration of the one-year limitation period.

Based on this, the Government requests in its Objection that the Motion to Vacate be dismissed as untimely filed.  The Objection only addresses the six-month lapse in time between the signing of the motion and its filing in this Court in a footnote, stating that "it is unlikely that it took six months for the mail to be delivered from Pennsylvania to the District of Rhode Island." (Objection at 5, n.1.)  No mention is made in the Government's Objection of the apparent receipt by the United States Attorney's office of Pujols-Tineo's Motion to Vacate in September 2008.

This Court concludes that more information is needed to determine whether Pujols-Tineo's Motion to Vacate was timely filed -- which, in turn, will govern whether this Court must address his substantive § 2255 claims.

Accordingly, this Court ORDERS as follows:

(1) The Government shall file a supplemental memorandum <u>on or before August 27, 2010</u>, which shall address: (1) what actions, if any, the Government took after receiving Pujols-Tineo's Motion to Vacate in September 2008; (2) the issue of whether a motion to vacate which was addressed to and received by the prosecutor's office rather than the court can be deemed filed for purposes of the one-year limitations rule under 28 U.S.C. § 2255(f). The supplemental memorandum shall also address the <u>substantive claims</u> raised in Pujols-Tineo's Motion to Vacate.

(2) Pujols-Tineo shall file any response he wishes to make to the Government's supplemental memorandum <u>on or before September 20, 2010</u>.

SO ORDERED:

*/s/ William E. Smith*
United States District Judge
Date: July 30, 2010